On Rehearing.
 

 McCALEB, Justice.
 

 Relators were charged with having violated the Sunday Law in that they sold a glass of wine in the establishment operated by Adam Trahan, proprietor. They filed a motion to quash the bill of information and argued, among other things, that Act No. 18 of 1886 deprived them of the equal protection of the laws (as alleged restaurant operators) because it prohibited the sale of all intoxicating liquors on Sundays in restaurants, whereas, it permitted hotels and boarding houses to serve wine for table use. It is claimed that this proviso in favor of hotels and boarding houses is an unreasonable and arbitrary discrimination against restaurants.
 

 After further study, we are convinced that the contention is not meritorious. The argument that arbitrary and unreasonable discrimination exists is founded on the false assumption that the proviso in favor of hotels and boarding, houses deprives re
 
 *113
 
 lators of a right which they otherwise would have had.
 

 It was recognized, in our original opinion, that the right of the State to pass a Sunday Law is not open to question. It was also conceded that the Legislature, in the exercise of its police power, had the authority to except certain businesses from the law under such conditions as it deemed proper. Hence, the validity of the provisions contained in Section 3 excepting book stores, drug stores, hotels, boarding houses, restaurants and certain other enterprises from the Act cannot seriously be doubted. And, surely, since restaurants, book stores and other excepted establishments are given the privilege of doing business on Sunday, the Legislature had the right to limit the scope of their operations by forbidding them to sell intoxicating liquors on their premises as, here again, the regulation of the traffic in intoxicating liquors is a proper subject for the legislative branch of the government.
 

 But it is said that, because the Legislature further ordained that hotels and restaurants would be permitted to serve wine for table use on Sundays, such a proviso is an unlawful discrimination against restaurants because, due to a change in conditions, hotels and boarding houses are not operated as they were in 1886, and that, today, hotel and boarding house restaurants cater to the public generally to the same extent as other restaurants.
 

 This postulation requires, of course, the concession that we judicially know, as a fact, that all hotels and boarding houses are operating an ordinary restaurant business and that they do not restrict their operations to their own clientele. We have no hesitancy in assuming the truth of the statement in the case of hotels but we are not at all sure that modern boarding houses open their doors to the public at meal times.
 

 But, even if we assume that all hotel and boarding house restaurants presently cater to the public generally, this does not warrant the conclusion that the change in conditions has brought about an arbitrary or unjustifiable discrimination against restaurants as there may still be good reason, because of the nature of the hotel and boarding house business, the investment therein, etc., for the legislature to place them in a separate and distinct class in regulating the operation of business which may be pursued on Sundays. And valid ground for the exemption is always presumed to exist in the absence of a showing that no reasonable state of facts can be conceived to justify it. Metropolitan Casualty Ins. Co. v. Brownell, 294 U.S. 580, 55 S.Ct. 538,
 
 79
 
 L.Ed. 1070, and cases there cited.
 

 The objection of relators is not that all restaurants are not treated the same. It is that hotels and boarding houses are doing a restaurant business and that the statute affords them special privileges denied to'
 
 *115
 
 restaurants in general. If this be so, it may be that hotels, which operate their restaurants as separate units, can no longer be considered beyond the pale of the Sunday law insofar as the service of wine for •table use is concerned. But this circumstance does not render the Act invalid or deny relators the equal protection of the law.
 

 Act No. 18 of 1886 withstood attack, similar to that presented here, in State ex rel. Walker v. Judge, 39 La.Ann. 132, 1 So. 437. After a reconsideration, we see no reason to disturb the ruling in that case.
 

 Relators also contend in their motion to quash that Act No. 18 of 1886 is violative of Article 29 of the Constitution of 1879 and Section 16 of Article 3 of the Constitution of 1921 in that it embraces more .than one object and that its title is not indicative of, nor does it express, the contents of the body of the law.
 

 We find no substance in this argument. The law has but one object — the suspension' of the operation of all places of public business on the Sabbath — and that object is clearly expressed in the title. All of the provisions contained in the Act, respecting the exemption of certain places of business and the prohibition of the sale of intoxicating liquor by the excepted establishments, are germane and kindred-to the main aim thereof and are not to be regarded as separate and distinct objects.
 

 Under a demurrer filed to the bill of information, relator, Jackson, claims that, since he is charged as clerk and not as proprietor of the restaurant, no offense is stated against him as the penal provisions of Act No. 18 of 1886 apply only to proprietors of places of business. And both relators further contend in the demurrer that no offense is charged because Act No. 18 of 1886 does not prohibit the sale of wine for table use in a restaurant on Sunday.
 

 This latter contention is, of course, devoid of merit as the Act clearly prohibits the sale of intoxicating liquor in a restaurant on Sunday.
 

 However, we think that the contention of Jackson, who is charged as an employee of the establishment, is well founded. Section 1 of the statute declares, in substance, that all stores, shops, etc., licensed under the law are required to be closed from midnight Saturday for twenty-four hours “during which period of time it shall not be lawful for the proprietors thereof” to trade, bargain or sell any of the stock or merchandise kept in the establishment. Section 2 provides that “whosoever shall violate the provisions of this Act” shall be guilty of a misdemeanor. Obviously, the word “whosoever” refers to the word “proprietor” contained in Section 1. There is no provision of the law which applies to a clerk or employee of the establishment.
 

 
 *117
 
 For the foregoing reasons, our original decree is reinstated insofar as it annuls the conviction and sentence of relator, Arista Jackson. In all other respects, the .decree is set aside and it is now ordered that the writs herein granted to Adam Trahan are discharged at his cost. The right to. apply for a rehearing is reserved to Adam Trahan and the State is accorded a similar privilege regarding our ruling in respect to Arista Jackson.
 

 HAMITER, J., concurs in the decree.